(No. 4555—)

G. W. GLADDERS TOWING COMPANY, INC., A MISSOURI CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1953.*

EVERETT PROSSER, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

G. W. Gladders Towing Company, Inc., a Missouri Corporation, filed its complaint on June 19, 1953, seeking compensation for a certain barge tow that was damaged by the alleged neglect of a bridge tender, who was an employee of respondent.

The record consists of a verified complaint, Departmental Report, transcript of the evidence, petition asking leave to waive briefs and arguments, and order granting the petition.

The facts of the case are as follows:

On June 20, 1951, the Emily Jean tow barge, owned by the complainant, was pushing four barge tows up the Illinois River toward Chicago, its ultimate destination. The barges were tied together two abreast, and were loaded with furnace oil. The Emily Jean was at the rear, pushing the barges at a speed of $\frac{3}{4}$ miles per hour, just enough speed to maintain steerage. The overall length of the tow was about 598 feet.

As the tow approached the 9th Street Bridge, the Captain of the Emily Jean gave a single whistle blast, which was the signal to open the bridge. This blast was answered by the bridge tender with a blast from a siren.

The 9th Street Bridge was the pivot type, and, in this instance, it swung downstream, so that the tow could proceed between the concrete abutments on either side. The tow started through the opening, and the front two barges had passed under the bridge area, when the bridge tender, for some unknown reason, started to return the bridge to a closed position, and, in so doing, crashed the bridge upon the rear tow boats, causing substantial damage to tow boat No. N.B.C. 752, and minor damage to tow boat Martin No. 1.

The Captain of the Emily Jean interrogated the bridge tender about closing the bridge prematurely, but could get no explanation. The bridge tender did not testify in this proceeding, so the reason, or excuse, for his action remains unanswered.

The tow, after minor repairs, continued to Chicago, and on its return trip was examined by an independent Marine Surveyor at St. Louis. The two barges were repaired by the St. Louis Shipbuilding and Steel Company at a cost of $3,237.10. The amount of the bill, and the reasonableness of the charge are not in dispute.

It was stipulated between the parties at the hearing before the Commissioner that the 9th Street Bridge near Lockport, Illinois is under the control and management of the Division of Waterways of the Department of Public Works and Buildings of the State of Illinois, and that, at the time and place of the accident, Ludwig S. Sonce, the bridge tender, was an employee of the Division of Waterways.

The evidence in this case discloses with clarity, the consequences of man power failure. The negligence of the bridge tender in closing the bridge prematurely was the sole and proximate cause of the damage.

In the case of *Joseph A. Mertel* vs. *State*, 20 C.C.R. 285, a barrier gate on the Shippingsport Bridge at La Salle, Illinois fell on the truck of claimant causing damage. The Court applied the doctrine of Res Ipsa Loquitor, and allowed an award.

In the instant case, the negligence is apparent, and stands without contradiction.

An award is, therefore, made to the complainant, G. W. Gladders Towing Company, Inc., a Missouri Corporation, in the amount of $3,273.10.